**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Respondent, ) | No. CV 04-353 TUC JMR |
| ) | CR 00-1046 TUC JMR✓ |
| vs. ) | |
| ) | **ORDER** |
| Deyanira O. Mancha, ) | |
| ) | |
| Petitioner. ) | |
| ) | |

Pending before this Court is Petitioner Deyanira O. Mancha's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In that motion, Petitioner raises a number of claims including allegations that her rights to a speedy trial were violated, her criminal history was miscalculated at sentencing, and that she was given ineffective assistance of counsel by the three attorneys who represented her prior to trial, at trial, and at sentencing. She also complains of the treatment she received during her pretrial confinement. For the reasons discussed below, the motion is denied and the civil case in this matter is dismissed with prejudice.

I.  BACKGROUND

On July 2, 2000, Petitioner was stopped at the Douglas port of entry from Mexico into the United States. The truck she was driving was found to contain over 70 kilograms of cocaine in a false compartment under a bed liner. She had crossed the same truck a few days

earlier, at which time it had no liner. When Petitioner was placed under arrest for importing drugs, she gave inconsistent statements regarding the ownership of the truck. She asked if the cocaine was from Columbia and whether it had been cut. She was charged with one count of importation of cocaine and one count of possession with intent to distribute cocaine. Both charges carry mandatory minimum terms of ten years incarceration. 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II); 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1)(B)(ii). Petitioner's husband was a U.S. Border Patrol agent. They were divorced in 1996. In 1997, he was sentenced to 360 months imprisonment for drug trafficking. Between 1992 and 1995, Petitioner and her husband had approximately $400,000 in unexplained income, (PSR at 9), although defense counsel asserted that her husband made the deposits at times when they were separated. (Sentencing RT at 10).

Dan Cooper represented Petitioner prior to trial. Mr. Cooper made four requests for continuances of trial for the purposes of preparing for trial, having Petitioner evaluated for competency, and allowing Petitioner to engage in "free talks" with the government to afford her the opportunity to give the government information that was potentially useful in further law enforcement matters in exchange for a more favorable plea agreement. The motion for a mental evaluation was filed on December 4, 2000, and granted on December 19, 2000. However, Petitioner was "lost" in the system for 40 days when the U.S. Marshal's Service inadvertently failed to transport her to the facility for mental evaluation. As a result, the report from the mental evaluation was not received until May 24, 2001. The Court declared Petitioner competent to stand trial on May 29, 2001. On June 1, 2001, Mr. Cooper also filed

a motion for disclosure of information regarding a possible confidential informant in the case. That motion was resolved on January 1, 2002, when the Court held that it was moot because the government denied the involvement of a confidential informant.

    Mr. Cooper was ultimately able to secure a favorable plea agreement for Petitioner. Under that agreement, she was to receive a range sentence of 18 to 36 months imprisonment contingent upon her having a criminal history category I. (Her criminal history was ultimately determined to be a category III; she had nine previous convictions.) Mr. Cooper strongly encouraged Petitioner to accept the plea. When it appeared that Petitioner would accept the plea, a date for a change of plea hearing was set. Mr. Cooper did not attend the hearing. Petitioner claims that this was because she refused to sign the plea agreement. However, in his affidavit, Mr. Cooper explained that he was trying a murder case in the Arizona Superior Court at that time and sent another attorney to represent Petitioner at the hearing. Nonetheless, Petitioner refused to accept the plea agreement. Due to a break down in communication between himself and Petitioner, Mr. Cooper requested that new counsel be appointed. That request was granted and Harriette Levitt was appointed to represent Petitioner. Although Ms. Levitt also strongly encouraged Petitioner to accept the plea agreement, it became apparent to Ms. Levitt that Petitioner would not plead guilty. Ms. Levitt therefore moved for and was granted a continuance to prepare for trial. On January 16, 2002, Ms. Levitt filed a motion to suppress statements made by Petitioner, which, along with Mr. Cooper's motion for disclosure, was disposed of on January 30, 2002. Petitioner's trial began on March 19, 2002. She was convicted by the jury of both counts.

After trial Ms. Levitt moved to withdraw as counsel because Petitioner was unhappy with her representation. The Court granted that motion, and Ivan Abrams was appointed to represent Petitioner at sentencing. Mr. Abrams knew Petitioner from "previous matters." At sentencing, Mr. Abrams indicated that he had taken the time to review and discuss the pre-sentence report with Petitioner. Mr. Abrams argued that, while Petitioner's criminal history was accurately calculated according to the records, the records themselves may not have adequately reflected the circumstances of the court proceedings in those cases. He indicated that the trial judge in those matters may not have properly handled the proceedings. Mr. Abrams also asked the Court to consider Petitioner's difficult personal history and psychological state. Petitioner chose not to speak on her own behalf.

Ultimately, the Court found that none of the reasons raised by Mr. Abrams warranted a downward departure. Petitioner was sentenced to 188 months imprisonment. Petitioner appealed to the Ninth Circuit alleging a violation of her rights under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) et seq., and the Speedy Trial Clause of the Sixth Amendment. On February 4, 2004, the Ninth Circuit affirmed Petitioner's conviction holding that she had waived her rights under the Speedy Trial Act by failing to raise the issue before trial and that her rights under the Sixth Amendment had not been violated. However, the Court indicated in a footnote that Petitioner may have a claim that could be raised in a habeas petition for ineffective assistance of counsel for counsel's failure to raise the possible violation of the Speedy Trial Act prior to trial.

II.     DISCUSSION

Petitioner's petition contains 27 numbered statements several of which (numbers 6, 9, 12, 13, 14, and 21) do not state claims. Statement 27 is a summary of the claims raised in the other statements and does not, in and of itself, raise any new issues.

*A. Claims that were or should have been raised on direct appeal.*

"Section 2255 cannot take the place of an original appeal. More properly stated, § 2255 may not be invoked to relitigate questions which were or should have been raised on direct appeal from the judgment of conviction." *United States v. Marchese*, 341 F.2d 782, 789 (9th Cir. 1965). Statement 3 appears to be a restatement of the alleged violation of Petitioner's Speedy Trial rights. She complains of the 40 days when she was "lost" in the system awaiting transport to the medical facility. The issue of Petitioner's Speedy Trial rights was raised on direct appeal and no relief on those grounds can be afforded in this petition. Likewise, statements 16, 17, 22, and 23 raise issues that should have been address on direct appeal. Statement 16 alleges that Petitioner was never shown the drugs found in her vehicle, and statement 17 alleges that she was never sent the paperwork when the drugs were disposed of. Statements 22 and 23 allege that Petitioner's criminal history was miscalculated and that she received an improper sentence. Statements 24 and 25 complain of the treatment Petitioner received during pretrial confinement, presumably arguing that this affected her ability to participate in trial. These claims could easily have been raised on direct appeal. Therefore, Petitioner is not entitled to relief on those issues in this petition. *Id.*

*B. Claims of Ineffective Assistance of Counsel*

The remaining statements allege ineffective assistance of counsel by Mr. Cooper, Ms.

Levitt, and Mr. Abrams at various stages of Petitioner's case.  The United States Supreme Court has held that claims of ineffective assistance of counsel fall outside of the scope of those issues that could have been raised on direct appeal and are most properly first litigated in the district court.  *Massaro United States*, 538 U.S. 500, 505-6 (2003).  In order to establish that her counsel was ineffective, Petitioner must show that: 1) counsel's representation fell below an objective standard of reasonableness, and 2) if counsel's performance fell below that standard, the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984).  It is not required that this Court examine the first prong if it is clear the second prong cannot be satisfied. *Id.* at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*  For Petitioner to demonstrate that she was prejudiced by her counsel's conduct, she "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

1. Claims of ineffective assistance of counsel in reference to Mr. Cooper

Statements 4, 8, 11, and 26 relate to Mr. Cooper's representation.  In those statements Petitioner claims that Mr. Cooper was ineffective for: 1) failing to appear at her change of plea hearing when, she alleges, she refused to sign the plea agreement, 2) ignoring her requests for a speedy trial, which this Court will construe as a complaint of his failure to raise a speedy trial claim prior to trial, and 3) failing to direct his investigator to determine who purchased the insurance on the vehicle Petitioner was driving.  Statement 26 raises a general

and conclusory ineffective assistance claim as to Mr. Cooper's performance during plea negotiations and in advising Petitioner prior to trial.

*Ineffective assistance of counsel pre-trial.* Petitioner has not satisfied the second prong of *Strickland* as to Mr. Cooper's representation at her change of plea hearing and in plea negotiations. Petitioner herself indicated that she had no intention of ever signing a plea agreement. In her February 25, 2002 letter to the Court, she stated, "I will not sign any lies. . . . I know I am innocent and that is why I will settle for nothing but the truth." In a previous letter to the Court dated January 8, 2002, Petitioner wrote, "I can not [sic] sign a plea that is a lie." Even more importantly, the proffered plea agreement was contingent on Petitioner's criminal history being a category I. Even had the guilty plea been entered, when her criminal history of III (Sentencing RT at 21) was detected, the plea would have been void.[1] Therefore, Petitioner has failed to show that, had Mr. Cooper appeared personally at her hearing or negotiated a different agreement, she would have signed the agreement or pled guilty. Furthermore, Mr. Cooper arranged for another attorney to represent Petitioner at her change of plea hearing and was successful in obtaining a very favorable plea agreement. Even if Petitioner could show that Mr. Cooper's representation of her during her plea negotiations was deficient, she could not show that any alleged deficiency prejudiced her in any way.

*Failure to submit motion to dismiss based on Speedy Trial Act.* Petitioner's claim that

---

[1] Even if the government did not exercise its right to withdraw, the plea would have violated mandatory minimum requirements.

Mr. Cooper was ineffective for failing to raise a motion to dismiss based on a violation of the Speedy Trial Act before trial also fails to satisfy the second prong of *Strickland*. A violation of the Speedy Trial Act calls for a dismissal with or *without* prejudice. 18 U.S.C. § 3162(a)(2). In determining whether to dismiss with or without prejudice, a court must consider, among other factors, "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the . . . administration of justice." *Id*. Petitioner has not shown that, if in fact a violation occurred, the Court would have weighed those factors in her favor and dismissed the case with prejudice. Therefore, she cannot show that any failure on the part of Mr. Cooper to raise a motion to dismiss based on a Speedy Trial Act violation prejudiced her defense, and her ineffective assistance of counsel claim on this basis also fails.

*Failure to fully investigate*. Petitioner also complains that Mr. Cooper failed to investigate the matter of who purchased the insurance on the truck she was driving. However, Petitioner never claimed she owned the truck, nor was she ever accused of owning the truck. She claimed to have received the truck from her boyfriend who was not the owner of the truck. In his affidavit, Mr. Cooper indicated that he fully investigated the case based on the information Petitioner provided but that, on several points, Petitioner was unable or unwilling to give complete information necessary to perform a full investigation. For these reasons, Petitioner has not shown that the failure of Mr. Cooper to investigate the matter of the insurance on the truck, if such performance did fall below an objective standard of reasonableness, prejudiced her defense. Petitioner's claims of ineffective assistance of

-8-

counsel as to Mr. Cooper fail.

2. Claims of ineffective assistance of counsel in reference to Ms. Levitt

Statements 2, 5, 7, 8, 10, 15, 18, 19, 20, and 26 pertain to the representation by Ms. Levitt. In those statements, liberally construed, Petitioner claims that Ms. Levitt was ineffective for: 1) failing to communicate with her and meet with her in person before trial, 2) allegedly telling Petitioner that the maximum sentence she could get if she went to trial was time served with probation, 3) not allowing Petitioner to take the stand in her own defense, 4) failing to raise a motion to dismiss based on a violation of the Speedy Trial Act prior to trial, 5) failing to call the owner of the vehicle Petitioner was driving and Petitioner's neighbors as witnesses at trial, and 6) failing to introduce exculpatory evidence of a confidential informant at trial. Again, statement 26 makes a general and conclusory claim of ineffective assistance of counsel during plea negotiations and during trial.

*Failure to communicate*. Petitioner's statements regarding her communication with Ms. Levitt prior to trial are contradicted by counsel's affidavit. Court records indicate that Petitioner and Ms. Levitt were both present at a pretrial hearing on January 30, 2002. Ms. Levitt states in her affidavit that her records show that, while Petitioner did not know how to contact Ms. Levitt immediately following her appointment, Ms. Levitt spoke with Petitioner for up to 30 minutes on 11 occasions. Petitioner's statements that she never met Ms. Levitt prior to trial and only spoke with her once or twice on the phone are simply false. Petitioner fails to satisfy either prong of *Strickland* on this accusation.

*Statements regarding maximum sentence*. Likewise, Petitioner's claims that Ms. Levitt promised her a maximum sentence of probation if she went to trial are contradicted

-10-

by counsel's affidavit. In her affidavit Ms. Levitt explains that she told Petitioner that she might receive a sentence of time served and probation if Petitioner *signed the plea agreement*. During trial Ms. Levitt once again informed Petitioner that she might receive that sentence under a plea agreement but that the statutory minimum for the offenses was five years. Furthermore, even if Ms. Levitt had made that representation, Petitioner had already indicated her unwillingness to sign a plea agreement under any circumstances. Petitioner's case would have gone to trial regardless of any representations made by Ms. Levitt regarding a possible sentence. Therefore, Petitioner has not shown either a performance by Ms. Levitt that falls below a reasonably objective level or any possible prejudice to her defense.

*Refusal to allow defendant to take the stand in her own defense.* Petitioner claims that she was not allowed to testify in her own defense. Once again, this is a misstatement of the facts. The transcript of the trial shows that Petitioner interrupted the government's case in chief and told the Court that she "want[ed] to be cross examined." (RT 3/20/02 at 160.) At that point the Court instructed the defendant that it was inappropriate to interrupt the government's case and that she would be given an opportunity later in the trial to decide whether she wanted to testify. Once the government rested, Ms. Levitt indicated that she had advised Petitioner not to testify and that Petitioner had chosen not to testify. The Court requested that Ms. Levitt confer with her client and confirm that Petitioner did not wish to testify. After discussion, Ms. Levitt confirmed to the Court that Petitioner did not wish to testify. (RT 3/21/02 at 41-2.) Petitioner does not claim that Ms. Levitt lied. Petitioner was given the opportunity to testify and chose not to based on the advice of her attorney. This

does not meet the *Strickland* test for a showing of ineffective assistance of counsel.

*Failure to submit motion to dismiss based on Speedy Trial Act.* Petitioner's claim against Ms. Levitt regarding the Speedy Trial Act fails for the same reasons discussed above in reference to Mr. Cooper.

*Failure to call specific witnesses at trial.* Petitioner complains that Ms. Levitt failed to call the owner of the truck and her neighbors as witnesses at trial. However, counsel indicates that once again Petitioner was either unable or unwilling to provide enough information to locate these potential witnesses. In her affidavit Ms. Levitt states that Petitioner never provided the names or locations of her neighbors and that the most information she could provide as to the owner of the truck was the name "Juan Garcia." This information was given to Ms. Levitt the day before trial. Given these circumstances it is apparent that Ms. Levitt's investigation on these matters did not fall below an objectively reasonable level. Furthermore, Petitioner has alleged no exculpatory testimony that would have been provided by these witnesses. Apparently, she wished the testimony to be introduced to prove that she never owned the truck nor kept it overnight–facts that were not in question. Therefore, Petitioner also fails to satisfy the prejudice prong of the *Strickland* test.

*Failure to introduce exculpatory evidence.* Petitioner claims that Ms. Levitt failed to introduce exculpatory evidence of a confidential informant at trial. While Mr. Cooper did file a motion for disclosure of evidence of a confidential informant in the case, it was later determined that no such confidential informant existed.

*Ineffective assistance of counsel pre-trial.*  Petitioner also makes a general claim of ineffective assistance from Ms. Levitt in her pre-trial negotiations.  As discussed above, Mr. Cooper was successful in securing a very favorable plea offer for Petitioner, although it was contingent on Petitioner falling within a criminal history category I, but Petitioner was unwilling to sign a plea under any circumstances.  Ms. Levitt also encouraged Petitioner to accept a plea agreement to no avail.  Petitioner cannot show that her defense was prejudiced when no amount of negotiations would have induced her to accept a plea.  Therefore, her claim of ineffective assistance of counsel fails in this regard.  Each of her claims as to Ms. Levitt fails.

3. Claim of ineffective assistance of counsel as to Mr. Abrams

Statement 1 of Petitioner's petition claims that Mr. Abrams never discussed her pre-sentence report with her and that it was never read to her until the day of sentencing.  However, Petitioner fails to show how, if true, this prejudiced her case.  She does not dispute the factual basis for anything contained in the report.  At most she expresses confusion as to how the calculations pertaining to her criminal history category were made.  However, the record clearly indicates that Mr. Abrams had thoroughly examined the report and was able to make reasoned, albeit unfruitful, arguments for a departure.  Petitioner has made no showing that her sentence would have been any different if she had a full understanding of the calculation of her criminal history.  Her claims of ineffective assistance of counsel against Mr. Abrams must, therefore, fail.

III.     CONCLUSION

Petitioner's criminal history includes convictions for interfering with judicial proceedings in 1994, driving under the influence (blood alcohol level of 0.202), criminal damage, and threats and intimidation in 1995, disorderly conduct in 1996, and contempt of court in 1997. In addition, Petitioner was charged with, but not convicted of, additional counts of threats and intimidation and disorderly conduct in 1994, 1995, and 1996. Based on this, Petitioner's criminal history category was calculated as III. The offense level was 36, calling for a guidelines range of 235 to 293 months imprisonment. Based upon the government's acquiescence to a two-level departure, the guidelines range was dropped to 188 to 235 months imprisonment. Petitioner's sentence was at the bottom of this range and well below the range without the departure.

Petitioner has not shown that she is entitled to relief under this petition. Her petition is, therefore, denied.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 94) is **DENIED**.

**IT IS FURTHER ORDERED** that case 04-CV-353-TUC-JMR is **DENIED WITH PREJUDICE**.  All other pending motions in that case are **DENIED**.

DATED this 5th day of December, 2005.

_____
John M. Roll
United States District Judge